PHINEHAS LONGLEY *versus* JOSEPH GRIGGS.

Where a promissory note was paid by a surety, the guarantor was held not to be liable to contribution.

ASSUMPSIT to recover of the defendant his contributive proportion of a joint and several promissory note, for $ 300, dated January 8th, 1828, payable to the Worcester Bank or order in fifty-seven days and grace.

On a case stated it appeared, that the note was made by one Howe as principal and one Snow and the plaintiff as sureties. On the back of the note was the following indorsement; — "I consider myself holden as guarantee for this note. *Joseph Griggs.*" This indorsement was made by the defendant after the note was signed by the principal and sureties, but before it was delivered to the bank. The note was given in payment of a similar note made by the same parties and indorsed by the defendant as surety.

The note first described was paid by the plaintiff. Howe and Snow were both insolvent.

Judgment was to be given for the plaintiff or for the defendant, according as the opinion of the Court should be upon this statement of the facts.

*Stedman* and *Merrick,* for the plaintiff, cited *Hunt* v. *Adams,* 5 Mass. R. 358, and 6 Mass. R. 519 ; *Deering* v. *Winchelsea,* 2 Bos. & Pul. 270 ; *Ware* v. *Horwood,* 14 Ves. 31 ; Fell on Guar. 215 ; *White* v. *Howland,* 9 Mass. R. 314 ; *Carver* v. *Warren,* 5 Mass. R. 545.

*Davis, Allen* and *Livermore,* for the defendant, cited *Oxford Bank* v. *Haynes,* 8 Pick. 423.

*Per Curiam.* It is contended that the defendant is liable to contribution, because he indorsed the old note as surety, and the same relationship continued after the new note was given. But we think that he did not continue in the same relation to the note. He made a new engagement, and he had a right so to do. It is also said, that if the indorsement had been in blank, the holder might have filled it up with an obligation on the part of the defendant to be a surety ; but here the defendant himself filled up the indorsement with an engagement to

*Oct. 7th*

*Oct. 11th.*

Longley
v.
Griggs.

guaranty merely. The sureties were in effect principals, so far as regards the guarantor. The law raises no implied promise on the part of a guarantor to contribute in the case of a surety's paying the note, as it does on the part of a co-surety.

*Judgment for the defendant.*